**HLD-001**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2773
_____

IN RE: DENNIS LEE WALLS,
                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-19-cv-01288)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 6, 2022

Before: CHAGARES, <u>Chief Judge</u>, HARDIMAN, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: October 31, 2022)
_____

OPINION*
_____

**PER CURIAM**

    In July 2019, Dennis Walls filed a habeas petition pursuant to 28 U.S.C. § 2254 in

the United States District Court for the Middle District of Pennsylvania.  In September

2022, Wells filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 with

this Court, requesting an order directing the District Court to rule on the petition and a

pending bail motion, to appoint counsel, and to conduct a hearing on his claims.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In an order entered October 4, 2022, the District Court denied the § 2254 petition, declined to issue a certificate of appealability, and dismissed the bail motion as moot. Thus, to the extent that Walls sought a ruling on his petition and motion, he has obtained the relief he requested. And because the matter has been dismissed, an order directing the District Court to hold a hearing or appoint counsel would have no effect on the proceedings. Because there is no effective relief we can grant him, his request for mandamus relief is moot, and we will dismiss the petition. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").